### H. W. JOHNS-MANVILLE CO. v. LOVELL-McCONNELL MFG. CO.

(Circuit Court of Appeals, Second Circuit. March 10, 1914.)

No. 226.

INJUNCTION (§ 55*)—UNFAIR COMPETITION—INTERFERENCE WITH BUSINESS.

Contracts between defendant, a manufacturer of automobile horns under patents owned by it, and trade journals for advertising, authorized defendant to cancel them if advertisements of products which in its judgment infringed its patents were published. In a suit prosecuted by it with reasonable promptness against a third party it obtained a decree sustaining its patents and giving their claims a broad construction. It then notified such journals that the publication of advertisements of the "following infringing instruments," naming plaintiff's among others, would subject the contract to cancellation, and a few days thereafter it brought suit against plaintiff for infringement. *Held*, that there was nothing unfair in the giving of such notice, as plaintiff could not complain of such contract, and, while defendant could not cancel the contract unless it acted in good faith, there was nothing to indicate bad faith, as it is not bad faith for the owner of a patent to wait until the decision in a test case before prosecuting other infringers.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 108, 109; Dec. Dig. § 55.*

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from an order of the District Court, Southern District of New York, denying a motion for a preliminary injunction. The application was for an injunction restraining defendant from "interfering with the plaintiff's advertising contracts and from issuing advertisements threatening infringement suits against dealers, agents, or users" of plaintiff's auto-horn. The plaintiff is the sole distributor in this country for an automobile alarm signal, known as the Long horn. Defendant is the manufacturer of a similar horn, known as the Klaxon, owning the patents under which it is manu-

factured. In a suit against another manufacturer these patents were recently sustained in the Eastern District of New York, infringement was found, and the claims of said patents were given a broad construction. Complainant has contracts for advertising its horns with several trade journals. The particular act complained of is the sending of a letter to the leading automobile trade journals which reads as follows:

"In accordance with instructions from our clients, the Lovell-McConnell Manufacturing Company, we hereby notify that under clause VII of the Lovell-McConnell Manufacturing Company's advertising contract, in event that the publisher prints in any issue subsequent to the receipt of this notification any advertisement illustrating or concerning following infringing instruments:

Newtone
Spartan
Long

the Lovell-McConnell Manufacturing Company's advertising contract is subject to immediate cancellation.

"This notification is made as a result of Judge Chatfield's recent decision sustaining the validity of the Klaxon basic patents."

Clause VII of the various contracts which defendant has with the various trade journals with whom plaintiff has advertised, or was about to advertise, reads as follows:

"VII. Publication of advertisements of an unfair competition nature, or which, in the judgment of this company" (the defendant), "are of products infringing its patents, renders this contract liable to immediate cancellation."

Complainant contends that the sending of these notices by defendant to the trade journals is a "very vicious and willful case of trade interference." Order affirmed.

Hillary C. Messimer and Albert M. Austin, both of New York City, for appellant.

D. W. Cooper and George C. Dean, both of New York City, for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. We do not see any ground on which to base an injunction. Certainly there was nothing unfair or of which plaintiff could complain in clause VII of defendant's contracts with the different periodicals in which its advertisements were inserted. If the publishers were willing to agree in advance that defendant might cancel its contract and cease its advertising, whenever products which it thought were infringements were advertised, surely no one else had any right to complain. So, too, by virtue of that clause, defendant might discontinue its advertising whenever some product advertised was in its judgment an infringement. Of course it would have to act in good faith; it could not avail of the seventh clause to get rid of its obligations under the contract, if the advertisement complained of related to a product which in defendant's judgment was not an infringement of any of its patents. But there is nothing here to indicate any such bad faith; on the contrary, the circumstance that they have brought suit to enjoin the manufacture and sale of plaintiff's horn in-

dicates that, rightly or wrongly, defendant believes that it is an infringement.

We do not understand that it is contended that defendant, assuming that it entertains such belief, might not notify the journals that the contract was cancelled and thereupon cease advertising. But if it took such a course, the first thing the journals would do would be to demand information as to what advertisement it was of which defendant complained, whose product it was that in defendant's judgment infringed its patent. Surely no one can contend that defendant should refuse to give such information. If, when such information had been given, a journal had offered defendant to discontinue further publication of plaintiff's product if defendant would renew its advertising contract, what possible cause of action would plaintiff have against any one? Nor can we see how the situation is changed by the circumstance that the information is given to the journals before, instead of after, the discontinuance of defendant's advertising.

The case at bar differs materially from Adriance v. Nat. Harrow Company, 121 Fed. 827, 58 C. C. A. 163, where defendant for years kept on sending circulars to the customers of a rival manufacturer, notifying them that they were infringing his patent and threatening wholesale suits, while at the same time defendant was careful to avoid bringing suit against any one. Here within a few days of the sending of the notices complained of suit was brought under defendant's patents against the plaintiff. It is true that plaintiff's horns have been manufactured, sold, and advertised for two or three years, but it appears that during that time defendant has been conducting a suit against another supposed offender, in which suit with reasonable promptness an interlocutory decree was entered which sustained defendant's patents and construed their claims. Immediately thereafter the notice was given to the journals. It is well settled that the owner of a patent is under no obligation to prosecute every supposed infringer simultaneously; it is entirely consistent with good faith on his part to wait until the decision in a test case has determined the validity and scope of his patent.

The order is affirmed, with costs.